UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BLEDI GJERGJI

        Plaintiff,

v

EVANSTON INSURANCE COMPANY,

        Defendant.

Case No. 20-cv-12259
Hon. Sean F. Cox

---

| | |
|---|---|
| TIM SULOLLI (P58798)<br>RONITA BAHRI (P79214)<br>GOODMAN ACKER, P.C.<br>Attorneys for Plaintiff<br>17000 W. 10 Mile Road<br>Southfield, MI 48075<br>(248) 483-5000<br>tsulolli@goodmanacker.com<br>rbahri@goodmanacker.com | KIMBERLY J. RUPPEL  P55138<br>BRANDON L. DeBUS  P81159<br>MATTHEW J. KEANE  P83768<br>DICKINSON WRIGHT, PLLC<br>Attorneys for Defendant<br>2600 W. Big Beaver, #300<br>Troy, MI 48084<br>(248) 433-7200<br>kruppel@dickinsonwright.com<br>bdebus@dickinsonwright.com |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, BLEDI GJERGJI, by and through his attorneys, GOODMAN ACKER, P.C, and complaining against the above-named Defendant, states as follows:

## COMMON ALLEGATIONS

1. That Plaintiff, BLEDI GJERGJI (hereinafter "Plaintiff"), resides at 1749 Heron View Court, West Bloomfield Township, MI 48324.

2. That Defendant, EVANSTON INSURANCE COMPANY (hereinafter "Defendant"), is an insurance company authorized to do business in the County of Oakland, State of Michigan, with a principal place of business located at Ten Parkway North, Deerfield, Illinois 60015.

1

3. That the amount in controversy herein exceeds the sum of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS.

## COUNT I

### BREACH OF CONTRACT- DEFENDANT EVANSTON

4. Plaintiff hereby incorporates by reference paragraphs 1-3 of the Complaint as fully stated herein.

5. That Plaintiff purchased a commercial property insurance policy from Defendant designated policy number 2AA313121 (hereinafter the "Policy") for property located at 592 Cesar E. Chavez, Pontiac, MI 48324 (hereinafter the "Property"). A certified copy of the Policy is attached as **Exhibit 1**.

6. That the Policy had a policy period running from April 16, 2019 through April 16, 2020.

7. That Plaintiff uses the Property to operate a used car dealership known as House of Cars.

8. That the Property consists of a single 2 story building surrounded by an asphalt parking lot.

9. That the Policy provided limits of insurance coverage of $285,000.00 (replacement cost valuation) for the Property. (See page 1 of section MDCP 1000 02 13 of the attached Policy)

10. That all premiums were paid and current and the Policy was in full force and effect at all times relevant herein, including on July 23, 2019.

11. That on or about July 23, 2019, a half inch domestic water line broke in the north office room of the building on the Property and into an open 55-gallon plastic

2

drum that was partially filled with used motor oil, transmission fluid, power steering fluid and brake fluid.

12. That water from the broken water line as well as displaced fluids and oils from the 55-gallon plastic drum then flooded most of the building on the Property.

13. That Plaintiff timely notified Defendant of the loss as reflected by the Property Loss Notice dated July 30, 2019 that is attached as **Exhibit 2**.

14. That on August 3, 2019, Defendant's agent, servant, adjustor, and/or representative, Matthew Brown with Primeco Claims Group, inspected the Property and improperly determined that the replacement cost of the loss on the Property was $19,050.70. Attached as **Exhibit 3** is the report/evaluation from Matthew Brown.

15. That the report/evaluation fails to take into consideration the full extent of the loss. Nevertheless, Defendant relied upon the report/evaluation and issued a "partial" payment on the Policy on or about August 7, 2019 in the amount of $12,431.80 (considering depreciation and a $2,500.00 deductible). Attached as **Exhibit 4** is Defendant's August 7, 2019 correspondence.

16. That on October 3, 2019, the Property was inspected, at Plaintiff's request, by Tyler Lenling of TEK Environmental. Attached as **Exhibit 5** is a copy of the report from TEK Environmental detailing that the Property was a total loss given the amount of insurance coverage.

17. That on December 9, 2019, Defendant's employee, agent, servant, adjustor, and/or representative, Kimberly Dickson, was provided a copy of the TEK Environmental report and advised that Plaintiff was making a claim for the full policy

3

limits. Attached as **Exhibit 6** is a copy of the December 9, 2019 correspondence (Plaintiff's counsel inadvertently failed to retain a signed copy)

18. That on January 8, 2020, Defendant's employee, agent, servant, adjustor, and/or representative, Kimberly Dickson, responded to Plaintiff's counsel via email noting that that she had reviewed the TEK Environmental report and that the Policy contained an endorsement excluding coverage for pollutants. Attached as **Exhibit 7** is a copy of the email and endorsement. (See also pages 1 and 2 of section MECP 1310 09 14 of the attached Policy)

19. That page 1 of section CP 00 10 10 12 of the attached Policy provides that Defendant "...will pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause of loss."

20. That the Property is "covered property" per the attached Policy. (See page 1 of section MDCP 1000 02 13 and page 1 of section CP 00 10 10 12 of the attached Policy)

21. That the damage to the Property caused by the broken water line is a "covered cause of loss" as Defendant has acknowledged by its "partial" payment.

22. That page 10 of section CP 10 30 10 12 of the attached Policy provides that "water damage means: accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning or other system...that is located on the described premises and contains water or steam...)

4

23. That the attached report from TEK Environmental clearly reveals that the damage to the Property is from either water or water mixed with oils/fluids due to a broken water line and is therefore a covered a loss.

24. That the endorsement excluding coverage for pollutants, pages 1 and 2 of section MECP 1310 09 14 of the attached Policy, is inapplicable since it is not possible to separate damage to the Property solely caused by oil/fluids since it mixed with water and that "mix" caused damage as noted in the TEK Environmental report.

25. That the endorsement excluding coverage for pollutants, pages 1 and 2 of section MECP 1310 09 14 of the attached Policy, is inapplicable since the broken water line did not cause or contribute to the "existence of a pollutant." In other words, the oil/fluids in the 55-gallon drum already existed on the Property when the water leak occurred.

26. That based upon information and belief, Defendant was aware of the 55-gallon plastic drum that was partially filled with used motor oil, transmission fluid, power steering fluid and brake fluid prior to the date of loss and at the time of issuance of the Policy since Defendant inspected the Property on at least 2 occasions prior to the issuance of the Policy.

27. That per Defendant's policy on page 1 of section CP 00 10 10 12, Defendant is obligated to "…pay for direct physical loss of or damage to covered property at the premises described in the declarations caused by or resulting from any covered cause of loss." The damage to the Property was due to a covered cause of loss, specifically a broken water line.

28. That MCL 500.2006 provides that an insurance company must make payment on a claim within 30 days of receipt of proof of the amount of loss.

29. That Defendant has failed to make "full" payment to Plaintiff since inspection/investigation of the Property on <u>August 3, 2019</u> and since being provided with the report from TEK Environmental on or about <u>December 9, 2019</u>.

30. That Defendant owed Plaintiff the duty to act fairly and reasonably in investigating and paying Plaintiff's claims, to act in good faith and to timely pay in full Plaintiff's claims. That Defendant failed in these duties and breached the Policy by performing and relying upon an improper and inadequate inspection/investigation of the Property on <u>August 3, 2019</u> that failed to consider and accurately report the full extent of the loss to the Property and by relying upon an inapplicable pollutant exclusion.

31. Defendant, through its agents, servants, employees, representatives and investigators, has failed to act fairly and reasonably in investigating and paying Plaintiff's claims, failed to act in good faith, and failed to timely pay Plaintiff's claims in full thereby breaching the Policy. Defendant's wrongful and dilatory conduct includes but is not limited to the following:

   a. Failing to make full payment of Plaintiff's claim within 30 days of receipt of proof of the amount of loss as required by MCL 500.2006;

   b. Pursuing a defense of a pollutant's exclusion in an attempt to avoid, delay or compromise Plaintiff's claims when Defendant did not have (1) sufficient evidence to support the defense, (2) knew or should have known the exclusion was inapplicable to Plaintiff's claims and (3) waived the defense by inspecting the Property prior to the issuance of the Policy and was therefore aware of the existence of alleged pollutants at the time of the subject loss;

   c. Conducting an investigation/inspection for purposes of delaying payment in full of Plaintiff's claims in attempt to induce Plaintiff to not seek

    further redress rather than to fairly and honestly determine its liability to Plaintiff;

    d. Performing and relying upon an improper and inadequate inspection/investigation of the Property on <u>August 3, 2019</u> that failed to consider and accurately report the full extent of the loss; and

    e. Any and other acts or omissions that may be discovered through discovery which are herewith reserved for proof at the time of trial.

  32. That said actions on the part of Defendant constitute a breach of Plaintiff's Policy with Defendant.

  33. That as a direct and proximate result of Defendant's conduct and said breach of contract, Defendant remains indebted to Plaintiff for his insured loss, and Plaintiff is entitled to recover consequential damages as sustained that were in the contemplation of the parties from the time the contract was made or which are the natural and usual consequences of a breach of a property insurance contract, including various business expenses, attorney fees and other costs.

  34. Section 2006 of the Insurance Code of 1956, as amended, same being MCL 500.2006 provides for the addition of 12% interest on claims where Defendant is shown to have failed to make timely payment to their insured within 30 days of receiving satisfactory proof of the amount of loss.

  35. That Defendant has failed to make timely payments in full to Plaintiff within 30 days after receipt of satisfactory proof of the amount of loss.

  36. That as a result of the aforesaid failure of Defendant to timely pay in full Plaintiff's claims, Plaintiff is also entitled to 12% interest on the amount of Plaintiff's claim pursuant to MCL 500.2006.

7

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount in excess of SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS including 12% penalty interest as well as consequential damages, costs and attorney fees so wrongfully incurred.

                                              Respectfully submitted,

                                              GOODMAN ACKER, P.C.

                                              /s/ Tim Sulolli
                                              TIM SULOLLI P58798
                                              RONITA BAHRI P79214
                                              Attorneys for Plaintiff
                                              17000 W. Ten Mile, 2nd Floor
                                              Southfield, Michigan 48075

Dated: September 22, 2020

---

**Proof of Service**

I hereby certify that on September 22, 2020, I electronically filed the foregoing papers with the Clerk of the Court using the Electronic Filing System which will send notification of such filing to all attorneys of record.

                    /s/ Terri Blick
                      Terri Blick